## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN, | § | |
| TDCJ No. 01897611, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00025-O-BP |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner James Eric Loften, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 4. This Petition was referred to the undersigned pursuant to 28 U.S.C. § 636(b) by Order entered on February 26, 2018. ECF No. 1. After consideration of the pleading and the applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 4) for want of prosecution without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On February 26, 2018, Judge O'Connor issued an order severing the instant claims for habeas relief from a separate civil rights action filed by Petitioner. ECF No. 3. On April 11, 2018, the undersigned issued a notice of deficiency and order requiring Petitioner to either pay the filing fee or file a motion for leave to proceed *in forma pauperis*. ECF No. 5. Because Petitioner failed to properly respond to the Court's order by the deadline, the Court *sua sponte* extended Petitioner's deadline to pay the filing fee or file a motion for leave to proceed *in forma pauperis* to May 31,

2018. ECF No. 6. On May 29, 2018, Petitioner filed an application to proceed *in forma pauperis* (ECF No. 9), which the Court granted (ECF No. 10). On June 11, 2018, the Court ordered Petitioner to file his habeas petition on the Court's form § 2254 petition for writ of habeas corpus, and ordered that Petitioner cure the deficiency by July 9, 2018. *Id.* The Court further warned Petitioner that failure to comply with the Court's order might result in dismissal of the petition without further notice. *Id.* As of today's date, Petitioner has not complied with the Court's order requiring him to use the Court's form § 2254 petition for writ of habeas corpus. Instead, Petitioner has filed multiple frivolous motions, in part challenging the notice of deficiency orders issued by this Court. ECF Nos.

"A district court *sua sponte* may dismiss an action for failure to prosecute or to comply with any court order." *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998) (citing Fed. R. Civ. P. 41(b); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). Such dismissal pursuant to Rule 41(b) may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissal with prejudice is an extreme sanction to be used only when the "'[petitioner's] conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefits.'" *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 321 (5th Cir. 1982)). "A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action." *Long*, 77 F.3d at 880.

2

Petitioner has been given ample opportunity to cure the defects and submit his request for habeas relief on the Court's requisite form § 2254 petition for writ of habeas corpus. ECF No. 10 (citing Miscellaneous Order No. 13 (N.D. Tex.)). Although Petitioner has failed to comply with the Court's order requiring him to do so, subjecting his claims to dismissal with prejudice under Rule 41(b) is not warranted at this time. Because Petitioner has failed to comply with the Court's order, the undersigned **RECOMMENDS** that the Petition for Writ of Habeas Corpus (ECF No. 4) be **DISMISSED** for want of prosecution without prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed July 12, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE