IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN, § | | |
| TDCJ No. 1897611, § | | |
| Previous TDCJ No. 616132, § | | |
| SID No. 4456250, § | | |
| a.k.a. James Eric Lofton, § | | |
| a.k.a. James Eric Genus, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 7:18-cv-025-O-BP |
| § | | |
| LORIE DAVIS, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files, and records in this case, of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, and of Petitioner's objections thereto, I am of the opinion that the findings of fact, conclusions of law, and reasons for dismissal set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court.

The Court notes that James Eric Loften has a long history of abusive and vexatious litigation. He is barred from proceeding *in forma pauperis* in a civil rights action under the "three strikes" provision of 28 U.S.C. § 1915(g). *See Lofton v. TDCJ-ID*, No. 1:97-cv-093 (N.D. Tex. May 2, 1997) (first strike); *Lofton v. TDCJ-ID*, No. 1:97-cv-076 (N.D. Tex. May 2, 1997) (second strike); *Lofton v. Lofton*, No. 97-10136 (5th Cir. Dec. 17, 1997) (third strike); *Lofton v. Johnson*, No. 99-10749 (5th Cir. Oct. 18, 1999) (fourth strike); *see also Loften v. Clinton*, 1:00-cv-622 (E.D.

Tex. June 27, 2001) (dismissing complaint as barred by three strikes); *Lofton v. Johnson*, No. 99-10749, 1999 WL 1067585, at *1 (5th Cir. Oct. 18, 1999) (revoking Loften's *in forma pauperis* status because he had accrued at least three strikes).

Although he was barred from proceeding *in forma pauperis* over twenty years ago, Plaintiff has continued to file lawsuits that were subsequently dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff was not in imminent danger of serious physical injury. *See e.g., Loften v. Crone*, No. 5:06-cv-216 (E.D. Tex. Dec. 14, 2006); *Loften v. Clinton*, No. 1:00-cv-622 (E.D. Tex. June 27, 2001).

Plaintiff has also filed numerous writs of mandamus and successive habeas petitions in which he alleged that his civil rights were violated. The United States Court of Appeals for the Fifth Circuit warned and ultimately sanctioned Plaintiff for filing baseless mandamus petitions and requests for leave to file successive habeas petitions. *See In re: Loften*, No. 02-40101 (5th Cir. Apr. 3, 2002) (sanctioning Plaintiff $105.00 for filing frivolous and repetitive motions and barring him from filing successive habeas petitions until the sanction is paid); *In re: Lofton*, No. 02-40145 (5th Cir. Mar. 6, 2002) (sanctioning Plaintiff $100.00 for filing frivolous and repetitive motions and barring him from filing mandamus petitions until the sanction is paid); *In re: Loften*, No. 02-40099 (5th Cir. Feb. 28, 2002) (sanctioning Plaintiff $105.00 for filing frivolous and repetitive motions and barring him from filing successive habeas petitions until the sanction is paid).

After he was sanctioned by the Fifth Circuit, Plaintiff continued his abusive litigation practices by filing lawsuits complaining that federal judges were conspiring with state and local officials to deprive him of his constitutional rights. *See Genus a.k.a. Loften v. United States*, No. 2:06-cv-180, 2006 WL 2345996, at *1 (S.D. Tex. Aug. 10, 2006) (consolidated with *Genus v.*

*United States*, No. 4:06-cv-1157 (S.D. Tex.)). As noted by the United States District Court for the Southern District of Texas, Plaintiff filed nineteen lawsuits under various names between December 2003 and December 2005. *Id.* at *1. The Court found that Plaintiff's allegations were "clearly irrational, save and except his deliberate attempt to deceive [the] Court as to his identity in filing [the] lawsuit." *Id.* at *2. In that case, Plaintiff identified himself as "James Eric Genus." He has also used the alternate spelling of "Lofton" for his last name. The Southern District of Texas dismissed the actions and barred plaintiff from filing any new lawsuits until the outstanding sanctions in the previous Fifth Circuit cases were paid. *Id.* The Court further barred Loften from filing without prior permission from a district judge. *Id.* Loften was also sanctioned in *Lofton v. TDCJ-ID*, No. 1:97-cv-093 (N.D. Tex. May 2, 1997) and *Lofton v. TDCJ-ID*, No. 1:97-cv-076 (N.D. Tex. May 2, 1997). In those cases, the District Court barred Loften from filing any future civil rights cases without prior permission from a district judge.

For the reasons stated by the United States Magistrate Judge in his Findings, Conclusions, and Recommendation, the instant case is **DISMISSED** without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure, for want of prosecution.

**SO ORDERED** this **8th day** of **August, 2018.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE