# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JAMES ERIC LOFTEN,<br>TDCJ No. 01897611,<br><br>    Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>    Respondent. | § § § § § § § § § § § § § | Civil Action No. 7:18-cv-00025-O-BP |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was automatically referred to the undersigned pursuant to Miscellaneous Order 6 on February 26, 2018. (ECF No. 1). Before the Court is Petitioner James Eric Loften's Motion to Vacate a Fraudulently Obtained Judgment (ECF No. 20) filed on September 10, 2018. After considering the motion and applicable legal authority, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** Plaintiff's Motion (ECF No. 20.

In his Order Accepting Findings, Conclusions, and Recommendation (ECF No. 17) filed on August 8, 2018, Judge O'Connor recounted Petitioner's "long history of abusive and vexatious litigation," and there is no need to add to that description. Petitioner has now moved to vacate Judge O'Connor's Judgment of dismissal without prejudice (ECF No. 18) entered after the Order Accepting Findings, Conclusions, and Recommendation, which the Court construes as a motion for relief from the Final Judgment filed under Federal Rule of Civil Procedure 60. In the Motion, Petitioner repeats allegations previously pleaded, but he does not include any legal arguments or authorities in support of his Motion.

Rule 60(a) provides for corrections to a judgment due to clerical mistakes or a mistake due to oversight or omission. Fed. R. Civ. P. 60(a). Petitioner alleges no such mistakes that would apply to the Court's Final Judgment in this matter, and the undersigned sees none. Accordingly, reconsideration under Rule 60(a) is unavailable. Rule 60(b) permits relief from a judgment for several reasons, none of which Petitioner properly describes in his Motion. Nothing contained in the Motion provides any basis for correcting, revising, or reconsidering the Final Judgment under Rule 60(b).

Although "newly discovered evidence" is an approved ground for reconsideration under Rule 60(b)(2), Petitioner has not shown that he exercised diligence in obtaining any of the information contained in the Motion or that such information is "material and controlling and clearly would have produced a different result if present before the original judgment" as is required for Rule 60(b)(2) to apply. *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009). "A judgment will not be reopened if the evidence is merely cumulative or impeaching and would not have changed the result." *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 639 (5th Cir. 2005). Nothing presented by Petitioner explains his failure to prosecute this case or follow the previous orders of the Court. Accordingly, relief under Rule 60(b)(2) is not appropriate here.

Petitioner has provided no legal or equitable reason why the Court's Final Judgment is in error. Accordingly, Judge O'Connor should **DENY** Petitioner's Motion to Vacate a Fraudulently Obtained Judgment (ECF No. 20).

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **September 3, 2019**.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE